**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 3:11CV-00431-JHM**

**RODNEY JONES and AMBER JONES,**
**Individually and as next friends and parents**
**of minor children RDJ and JLAJ**                                                      **PLAINTIFFS**

**v.**

**ABBOTT LABORATORIES, et al.**                                                      **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiffs' motion to remand pursuant to 28 U.S.C. § 1447(c) [DN 11] and Plaintiffs' motion for leave to respond to Defendants' surreply [DN 23]. Fully briefed, the matter is ripe for decision.

**I.  BACKGROUND**

On July 5, 2011, Plaintiffs filed a complaint this action in the Jefferson Circuit Court. Plaintiffs allege that they purchased Similac Brand Powder Infant Formula manufactured and distributed by Defendant Abbott Laboratories and sold by Defendant Kroger which contained a small common beetle or beetle larvae. Plaintiffs assert claims against all Defendants for negligence. Plaintiffs assert claims for violations of the Kentucky Consumer Protection Act, violations of the Kentucky Food, Drug and Cosmetic Act, and breach of implied warranties of merchantability and fitness for a particular purpose against only Abbott and Kroger. Plaintiffs also assert claims for strict liability and common-law battery against Abbott. On August 3, 2011, Defendants removed this action from the Jefferson Circuit Court to this Court on the theory that Plaintiffs had fraudulently joined Defendant Candice Blackburn, the manager of the store,  in an effort to defeat federal jurisdiction. Plaintiffs now ask the Court to remand and award them attorney's fees and costs.

## II.  STANDARD

At issue in this motion is whether Defendant Candice Blackburn was fraudulently joined. "'Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action.'" Walker v. Philip Morris USA, Inc., 2011 WL 5119441, *4 (6th Cir. Oct. 31, 2011)(quoting Saginaw Hous. Comm'n v. Bannum, Inc., 576 F.3d 620, 624 (6th Cir. 2009)). "The non-moving party's motive for joining the non-diverse party to the lawsuit is 'immaterial to our determination regarding fraudulent joinder.'" Id. (quoting Jerome–Duncan, Inc. v. Auto-By-Tel, L.L.C., 176 F.3d 904, 907 (6th Cir. 1999)).  The burden is on the Defendants to show fraudulent joinder, and as with any dispute over removal all doubts are resolved in favor of remand.  Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir.1999); Alexander v. Elec. Data Sys. Corp., 13 F.3d 940, 949 (6th Cir.1994).

"To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." Coyne v. Am. Tobacco Co., 183 F.3d 488, 493 (6th Cir.1999).  "Therefore the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." Probus v. Charter Communications, LLC, 234 Fed. Appx. 404, 407 (6th Cir. 2007).  See also Walker v. Phillip Morris, USA, Inc., 2011 WL 5119411, *4 (6th Cir. Oct. 31, 2011).

In making this determination, the Sixth Circuit recognizes that the district court may "pierce the pleadings and conduct a summary inquiry" to determine whether the a plaintiff's complaint has misstated or omitted "*discrete and undisputed facts*" that would determine the propriety of joinder. Walker, 2011 WL 5119411, *6.

However, this standard of review is not as broad as suggested by Defendants.  In adopting the approach articulated by the Fifth Circuit, the Sixth Circuit in Walker stated in relevant part:

> [A]lthough the fraudulent joinder and Rule 12(b)(6) standards appear similar, the scope of the inquiry is different. For Rule 12(b)(6) motions, a district court may only consider the allegations in the complaint and any attachments. For fraudulent joinder, the district court may . . . "pierce the pleadings" and consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff. *Any contested issues of fact and any ambiguities of state law must be resolved in [the plaintiff's] favor.* The burden of persuasion on those who claim fraudulent joinder is a heavy one.

Id. (quoting Travis v. Irby, 326 F.3d 644, 648–49)). Therefore, "even if the district court 'pierces the pleadings' to consider summary-judgment-type evidence (such as depositions, affidavits, etc.), the proper standard for evaluating that evidence remains akin to that of a Rule 12(b)(6) motion to dismiss, and is arguably even more deferential." Id. at *7. Additionally, "any contested issues of fact must be construed in the plaintiff's favor." Id.

### III. DISCUSSION

Plaintiffs argue that the instant case should be remanded with costs and fees because Defendants have failed to prove the fraudulent joinder of Candice Blackburn, the non-diverse forum-defendant. Defendants, on the other hand, contend that removal was proper because Blackburn was fraudulently joined, i.e., they claim that there is absolutely no reasonable basis for predicting that liability might be imposed against Blackburn on Plaintiff's claims of negligence because of Kentucky's Middleman Statute and because Plaintiff was not involved in the sale of the product at all.

KRS § 411.340 provides:

> In any product liability action, if the manufacturer is identified and subject to the jurisdiction of the court, a wholesaler, distributor, or retailer who distributes or sells a product, upon his showing by a preponderance of the evidence that said product was sold by him in its original manufactured condition or package, or in the same condition such product was in when received by said wholesaler, distributor or retailer, shall not be liable to the plaintiff for damages arising solely from the distribution or sale of such product, unless such wholesaler distributor or retailer, breached an express warranty or knew or should have known at the time of

distribution or sale of such product that the product was in a defective condition, unreasonably dangerous to the user or consumer.

KRS § 411.340.

This statute is intended to shield retailers from both liability and lawsuits. <u>Weixler v. Paris Co.</u>, 2003 WL 105503, *1 (W.D. Ky. Jan. 2, 2003). The rationale underlying the statute is that "'retailers are unaware of design and manufacturing considerations and it is therefore unfair to hold them responsible for the mere sale of a defective product where the manufacturer is also before the Court.'" <u>Mason v. Excel Industries, Inc.</u>, 2011 WL 847449, *2 (W.D. Ky. Mar. 9, 2011)(quoting <u>Weixler</u>, 2003 WL 105503, *1). As noted above, "the statute makes clear that its protective shield is inapplicable in two instances: (1) where the wholesaler, distributor or retailer breached an express warranty, or (2) where the wholesaler, distributor or retailer knew or should have known at the time of distribution or sale that the product was in a defective condition and unreasonably dangerous." <u>Salisbury v. Purdue Pharma, L.P.</u>, 166 F. Supp. 2d 546, 551 (E.D. Ky. 2001).

In the present case, Abbott, the manufacturer of Similac products is a party to this case and is subject to the jurisdiction of the Court; Blackburn is the manager of the retailer; and Similac products were sold to Plaintiffs in their original condition. Furthermore, Plaintiffs do not allege that Blackburn made or breached any express warranty regarding the product. Therefore, in order to defeat the application of the Kentucky Middleman Statute, the Plaintiffs are required to prove that Blackburn knew or should have known at the time of distribution or sale of the Similac products that the product was in a defective condition, unreasonably dangerous to the user or consumer. KRS § 411.340.

Defendants argue that Plaintiffs fail to meet this standard. However, the appropriate inquiry in this case is not whether Plaintiffs will ultimately lose on the merits; rather, it is simply whether Plaintiffs have "at least a colorable cause of action against [Blackburn] in the [Kentucky] state

courts." Probus, 234 Fed. Appx. at 408 (6th Cir. 2007)(quoting Jerome-Duncan, 176 F.3d at 907.).

See also Sprowls v. Oakwood Mobile Homes, Inc., 119 F. Supp. 2d 694, 697 (W.D. Ky. 2000).

Here, Plaintiffs allege that Abbott Laboratories manufactured Similac-brand infant formula that was defective; that Abbott recalled that product line; that after the recall, Plaintiffs purchased the allegedly defective product at a store owned and operated by Kroger; that Candice Blackburn, the manager of the store, participated in the sale of the product by overriding a cash register block on the product; that at no time during the purchase of the product was there any indication that any form of Similac was the subject of the recall, either through signs or statement of Blackburn; that Plaintiff, Amber Jones, specifically asked  Blackburn about the lack of Similac on the shelves at Kroger; that Blackburn never advised her about the recall of some Similac products; that the Defendants (including Blackburn) "knew or should have known that use of Similac Brand Powder Infant Formula could cause serious medical issues and effects on its targeted consumers – very young children;" and that Plaintiffs suffered damages as a result of purchasing and/or consuming that product.  Essentially, Plaintiffs claim that Blackburn was negligent in failing to remove products that she knew to be unsafe from the shelves, not communicating the dangers of the product to Plaintiffs, and also participating in the sale of the product by overriding the merchandise block on the products in question.  These allegations state, at a minimum, a negligence claim against Blackburn.

Even considering the additional evidence submitted by the parties, the Court concludes that Plaintiffs' allegations state a colorable cause of action in negligence against Blackburn and provide a reasonable basis to predict that a Kentucky court might impose liability on Blackburn.  See, e.g., Mitchell v. Dow Chemical Co., 2011 WL 2938156, *1-2 (E.D. Ky. July 19, 2011); Hutchen v. Wal-Mart Stores East I,LP, 555 F. Supp. 2d 1013, 1019 (E.D. Mo. 2008).  In fact, the additional evidence

submitted by Defendants does not reveal misstated or omitted discrete and <u>undisputed</u> facts that would determine the propriety of joinder. Instead, when viewed in a light most favorable to the Plaintiffs and given the current stage of this litigation, the evidence demonstrates that there are currently genuine issues of material fact with respect to the type of Similac products purchased from Kroger by Plaintiffs, whether those products were defective, the Similac products and sizes subject to the recall, the retailer and the manager's knowledge of the recall, their duty to notify customers of the recall of certain Similac products, and the manager's role in overriding the transaction permitting Plaintiffs to purchase the products in question.

Resolving all contested issues of fact and ambiguities of state law in Plaintiff's favor, the Court finds that Defendants have not established that Blackburn was fraudulently joined and therefore, complete diversity is lacking and remand is proper.

### V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' motion to remand is **GRANTED**. Plaintiffs' request for attorney's fees and costs is **DENIED**. **IT IS FURTHER ORDERED** that Plaintiffs' motion for leave to respond to Defendants' surreply [DN 23] is **DENIED AS MOOT.**

cc: counsel of record
    Jefferson Circuit Court